UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| EVAN SCHMALSHOF, SCHMALSHOF FAMILY TRANSPORT LLC )<br><br>Plaintiffs, )<br><br>v. )<br><br>MCDONOUGH COUNTY, NICHOLAS PETITGOUT, )<br><br>Defendants. ) | Case No. 4:25-cv-04080-SLD-RLH |

ORDER

Before the Court is Defendants McDonough County and Nicholas Petitgout's motion to dismiss the complaint brought by Plaintiffs Evan Schmalshof and Schmalshof Family Transport LLC, ECF No. 8. The complaint, ECF No. 1, is virtually identical to a complaint previously dismissed by this Court for failure to state a claim and is deficient for the same reasons. As more fully discussed below, Defendants' motion to dismiss is therefore GRANTED.

**DISCUSSION**[1]

This case arises from alleged retaliatory conduct by Petitgout, the Sheriff of McDonough County, in response to statements made by Schmalshof. During an interview, Schmalshof discussed how the McDonough County Sheriff's Office regularly acted contrary to its written policies when conducting business. After becoming aware of Schmalshof's disclosure of this information, Petitgout commenced a retaliatory campaign on several fronts. He terminated Schmalshof's position as a Sheriff's Deputy, blocked his access to the McDonough County

---

[1] When reviewing a motion to dismiss, the court "accept[s] as true all well-pleaded facts in the complaint and draw[s] reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022). Unless otherwise stated, the factual background is drawn from the complaint.

1

Sherriff's office Facebook page, and told him not to speak about the Sherriff's Department. Petitgout also published information about Schmalshof's firing to several media outlets. Because Schmalshof continued to serve as Police Chief for the Village of Blandinsville, Petitgout also denied the Blandinsville Police Department access to a criminal database and the McDonough County warrant list. Schmalshof was also prohibited from delivering arrestees to the McDonough County Jail. Petitgout also obtained Schmalshof and Schmalshof Family Transport's information from the Illinois State Police Law Enforcement Agencies Data System. Schmalshof brought suit in this Court seeking damages and injunctive relief based on these and a variety of other retaliatory actions. He raises six counts: (1) a violation of the First Amendment for retaliation against Schmalshof for protected speech, (2) a violation of the Drivers' Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721–2725, (3) tortious interference with Schmalshof's employment contract with the Village of Blandinsville, (4) intentional infliction of emotional distress ("IIED"), (5) invasion of privacy, and (6) *Monell* liability against McDonough County.

The problem is that Schmalshof filed a materially identical complaint in this Court in March of last year. *See generally* Compl., *Schmalshof v. McDonough County*, No. 3:24-cv-03071-SLD, 2025 WL 714359 (C.D. Ill. Mar. 5, 2025). The prior complaint alleged the same facts, raised the same six counts, and largely used the exact same language. *Id.* The Court dismissed his previous complaint for failure to state a claim. *See Schmalshof v. McDonough County*, No. 3:24-cv-03071-SLD, 2025 WL 714359, at *7 (C.D. Ill. Mar. 5, 2025). The Court reasoned that Schmalshof's First Amendment claim insufficiently alleged the context necessary to conclude that he spoke as a citizen rather than pursuant to his role as a sheriff's deputy. *Id.* at *3. It concluded that he "[did] not allege an injury-in-fact fairly traceable to the alleged DPPA violation" and, as a result, Schmalshof had no standing to bring that count. *Id.* at *4. It

2

dismissed his tortious interference with contract claim because there were no allegations that his employment contract was breached. *Id.* at *5. As for IIED, the Court held that the actions alleged did not rise to the level of extreme and outrageous conduct necessary to support an IIED claim. *Id.* It also concluded that the complaint did not allege factually false statements made by Petitgout, as would be necessary to support an invasion of privacy claim, and even if the complaint did, Petitgout was entitled to the defense of absolute privilege. *Id.* at *6. Finally, the Court dismissed the claim of *Monell* liability because there was no underlying constitutional violation. *Id.* at *7.

    The alterations made to the present complaint amount to little more than clarifying clauses inserted into roughly fifteen sentences and the deletion of a handful of others. The remainder is identical in every way. Insofar as Plaintiffs' new complaint alleges facts not contained in the complaint previously dismissed by this Court, the new allegations are patently insufficient to cure the deficiencies identified in the prior dismissal. Schmalshof does not provide any additional context for his purportedly protected speech. He does not allege any injury stemming from the alleged DPPA violation, nor does he attempt to do so. *See* Resp. Mot. Dismiss 3, ECF No. 10 (arguing instead that Schmalshof "does not need to show actual injury to bring a claim under the DPPA"). The complaint still contains no allegation that Schmalshof's employment contract with the Village of Blandinsville was breached. The alleged conduct is no more extreme and outrageous than before because the allegations are materially identical. And the complaint does not allege any additional statements made by Petitgout to cure the deficiencies in the invasion of privacy claim.

Because the complaint presents no materially new allegations, the Court's reasoning in dismissing Plaintiffs' complaint in the previous case applies in full force to the case now at hand. For the reasons laid out in the previous order, Defendants' motion to dismiss is GRANTED.

## CONCLUSION

Accordingly, Defendants McDonough County and Nicholas Petitgout's Motion to Dismiss, ECF No. 8, is GRANTED. The complaint, ECF No. 1, is DISMISSED. Plaintiffs Evan Schmalshof and Schmalshof Family Transport LLC are granted fourteen days in which to amend their complaint, if they so desire, to address the deficiencies identified in this order.

Entered this 13th day of January, 2026.

                                                                                              s/ Sara Darrow
                                                                                              SARA DARROW
                                                        CHIEF UNITED STATES DISTRICT JUDGE